UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MICKEY CADE                                    CIVIL ACTION NO. 5:13-cv-2298

VS.                                                      SECTION P

                                                         JUDGE ELIZABETH E. FOOTE

CHARLES REX SCOTT, ET AL.          MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Mickey Cade filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on July 16, 2013. When he filed this complaint,

plaintiff was a pre-trial detainee at the Caddo Correctional Center, awaiting trial in the First

Judicial District Court on various felony charges. Shortly after filing, he was convicted of

manslaughter and armed robbery and sentenced to a hard labor sentence pursuant to a plea

agreement.  Plaintiff claims that he was the victim of a wrongful arrest, malicious prosecution,

and false imprisonment. He sued First Judicial District Attorney Charles Rex Scott, one of his

assistants, Judge Ramona I. Emanuel, Detectives R.I. Demery and J. Mayfield of the Shreveport

Police Department, and Kurt J. Goins, the Caddo Public Defender who was appointed to

represent plaintiff with regard to the criminal prosecution that is the subject matter of this suit.

Plaintiff seeks his immediate release from custody and compensatory damages from each

defendant.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For

the following reasons it is recommended that the complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking money damages from defendants who are immune from suit.

*Statement of the Case*

Plaintiff was booked into the Caddo Correctional Center on May 31, 2011, on charges of illegal use of a weapon, possession of a firearm by a convicted felon,  attempted first degree murder, and armed robbery. When he filed this complaint on July 16, 2013, those charges were pending in the First Judicial District Court, Caddo Parish.[1]  Thereafter, on July 23, 2013, plaintiff pled guilty to manslaughter and armed robbery and was sentenced to serve 30 years at hard labor.[2]

In his complaint, plaintiff claimed that on April 3, 2013, his wife, Felicia Cade testified that her previous statements implicating plaintiff in a 2011 robbery-homicide had been pressured by investigators who failed to advise her of her *Miranda* rights.  He also claimed that on April 4, 2013, she was forced against her will to give testimony incriminating plaintiff at a Court hearing by an unidentified assistant district attorney who threatened her with 10 years in custody and the loss of her children if she did not cooperate.

According to plaintiff, his cousin, Leslie Cade, invoked his Fifth Amendment privilege against self-incrimination on several occasions refusing to offer inculpatory evidence against plaintiff. Nevertheless, an unidentified prosecutor advised the Court on April 17, 2013 that Leslie Cade was prepared to offer testimony against plaintiff.  Plaintiff further alleged that Leslie was also threatened with arrest should he refuse to cooperate in the prosecution of plaintiff.

---

[1] http://www.caddosheriff.org/inmates/?lastNameChar=C

[2] See Doc. 1-2, "Appendix", pp. 1-3.

Thereafter, Leslie Cade was urged to offer testimony against plaintiff by a court appointed public defender.  According to plaintiff, these efforts by the prosecution amount to obstruction of justice on the part of the prosecutor, and gross abuse of discretion on the part of Judge Emanuel, resulting in the violation of plaintiff's rights to due process.  Plaintiff also maintains that such actions constitute malicious prosecution due to the lack of evidence against him.  Further, plaintiff implies that his right to a speedy trial was violated and that the District Court erred when it denied plaintiff's pro se motions to suppress and to quash.

In his brief in support of the civil rights complaint, plaintiff claimed that on April 1, 2013, he fired his public defender, Kurt J. Goins, in open court because, according to plaintiff, Goins was ineffective. Nevertheless, Judge Emanuel denied his motion to discharge counsel. On June 24, 2013, plaintiff again made an oral motion to dismiss his public defender and once again Judge Emanuel denied the request. According to plaintiff, Goins refused to represent plaintiff with regard to plaintiff's pro se motions. He also claimed that Goins failed to "oppose" the State's witnesses who pressured plaintiff's wife into giving false testimony against plaintiff, and that Judge Emanuel abused her discretion by failing to suppress the illegally obtained statements from plaintiff's wife.   Finally plaintiff complained that Goins advised plaintiff that "copping out" would not only be in plaintiff's best interest to avoid a life sentence, but would also spare his wife imprisonment and the loss of her children.

Plaintiff also claimed that the prosecution and conviction should be quashed because of the violations of plaintiff's Sixth and Fourteenth Amendment rights.

Finally, in his "appendix" plaintiff alleged that the combined faults of Judge Emanuel, the District Attorney, and the Public Defender "forced [him] to sign a 30 years plea agreement to

avoid a life sentence in violation of [his] 6th and 14th amendment rights of the U.S. Constitution

on June 24, 2013, at the First Judicial District Court.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner

seeking redress from an officer or employee of a governmental entity, his  complaint is subject to

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80

(5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also

subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based

on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon

which relief may be granted when it fails to plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Habeas Corpus*

In addition to compensatory damages, plaintiff prayed for his immediate release from

custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820

(5th Cir.1997). Such relief is available, if at all,  in a *habeas corpus* action. To the extent that he

maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release from custody should be dismissed for failing to state a claim for which relief may be granted.

### 3. *Heck v. Humphrey*

Plaintiff contends, in essence, that his arrest, prosecution, conviction, and continued incarceration amount to false arrest, malicious prosecution,  and false imprisonment and he seeks money damages from each of the defendants for the alleged violations of his Constitutional rights.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512

U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs

in order to avoid collateral attacks by plaintiffs on convictions against them that are "still

outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions

are not appropriate vehicles for challenging the validity of outstanding criminal judgments

applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness

of his conviction or confinement ...")

      If the court were to grant plaintiff the damages he seeks under the facts of this case, such

ruling would necessarily implicate the validity of his conviction and incarceration. Accordingly,

under *Heck*, plaintiff must demonstrate that his conviction and sentence have been reversed,

invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99,

103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claims for

monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C.

§1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous

unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise

called into question." *Id.* at 102.

### 4. Immunity

      Plaintiff claims that he is entitled to damages from Caddo Parish District Attorney

Charles Rex Scott and one or more of his assistants because of the manner in which they engaged

in the prosecution of his criminal charges.

      Those claims are barred by the doctrine of absolute prosecutorial immunity. A district

attorney and his assistants are absolutely immune in a civil rights suit for any action taken

pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in

presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139

L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128

(1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

 Plaintiff's claim against Scott and the unnamed Assistant District Attorneys is based on

their conduct as the State's advocates and they are thus entitled to absolute prosecutorial

immunity. *See Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit for

knowingly using perjured testimony and suppressing material evidence at plaintiff's murder

trial); *Cousin v. Small*, 325 F.3d 627 (5th Cir. 2003) (Prosecutor who allegedly told witness to

falsely implicate plaintiff in a homicide and coached him how to testify was acting as an

advocate and not an investigator and therefore was entitled to absolute prosecutorial immunity.)

 Plaintiff's complaint, insofar as it seeks money damages from the District Attorney and

his Assistant District Attorneys must therefore be dismissed since the defendants are absolutely

immune.

 Plaintiff's claims against Judge Emanuel should also be denied on the basis of judicial

immunity. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims

for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v.*

*Biggers*, 31 F.3d 279, 284 (5th Cir.1994);  *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995)

(*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by

*Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for

his judicial acts even if his exercise of authority is flawed by the commission of grave procedural

errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978);

*Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996).

Judicial immunity is an immunity from suit and not just from the ultimate assessment of

damages.  *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  "Although

unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the

highest importance to the proper administration of justice that a judicial officer, in exercising the

authority vested in him, shall be free to act upon his own convictions, without apprehension of

personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted).  Judicial

immunity is a matter of policy and is necessary because a judge  "... should not have to fear that

unsatisfied litigants may hound him with litigation charging malice or corruption [and]

[i]mposing such a burden on judges would contribute not to principled and fearless

decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18

L.Ed.2d 288 (1967).  Consequently, judicial immunity cannot be overcome even by allegations of

bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously

and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In

determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent,

that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a

non-judicial nature or that he acted in the complete absence of jurisdiction.  *Mireles v. Waco*, 502

U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained

of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of

his judicial capacity, the court should consider a variety of  factors:  (1) whether the precise act

complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or

appropriate adjunct spaces such as the judge's chambers;  (3) whether the controversy centered

around a case pending before the court; and (4) whether the acts arose directly out of a visit to the

judge in his official capacity.  *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be

broadly construed in favor of immunity. *Id.*

Courts use the "functional" approach in deciding whether an act is judicial for purposes

of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows

not from rank or title or 'location within the Government,' but from the nature of the

responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity

applies, a court should consider the nature of the act taken, namely whether it is a function

normally performed by a judge, and the expectations of the parties, namely whether they dealt

with the judge in his judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55

L.Ed.2d 331 (1978).

Plaintiff faults the judge for denying his pro se motions. Clearly, plaintiff sues the judge

for acts that arose out of her normal judicial function and she is thus entitled to absolute judicial

immunity.

### 5. State Actors

Plaintiff's claim against his court-appointed public defender, Mr. Goins, fares no better,

but for a different reason.  Plaintiff seeks relief pursuant to 42 U.S.C. §1983. "[Section] 1983 is

not itself a source of substantive rights; it merely provides a method for vindicating federal rights

conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th

Cir.1999).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

by the Constitution and laws of the United States, and must show that the alleged deprivation

was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108

S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Court-appointed public defenders  are not considered  "state actors" and therefore cannot

be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S.

312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).  Consequently, plaintiff's claim against

Mr. Goins lacks an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319,

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for

seeking money damages from defendants who are immune from suit  pursuant to the provisions

of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule

72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this

report and recommendation to file specific, written objections with the Clerk of Court.  A party

may respond to another party's objections within fourteen (14) days after being served with a

copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, August 14, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE